## FISCHER v. HAYES.

*(Circuit Court, S. D. New York.    January 26, 1881.)*

1. MOTION TO STRIKE OUT TESTIMONY.

>    Motion to strike out testimony upon the grounds (1) that said testimony, and the oaths thereto, are fictitious and void; (2) that the direct testimony of said witnesses is fraudulent and inoperative; and (3) that said testimony is unauthorized, and does not properly form any part of the record, or of the proofs, *denied,* under the circumstances of the case.—[ED.

In Equity.    Suit for Infringement.

*Charles F. Blake,* for plaintiff.

*James H. Whitelegge,* for defendant.

BLATCHFORD, C. J.    This is a motion by the defendant to strike out the testimony of John D. MacClay and that of Phillips Abbott, taken in this case for final hearing, on the grounds set forth in the notice of motion: (1) That said testimony and the oaths thereto are fictitious and void; (2) that the direct testimony of said witnesses is fraudulent and inoperative; (3) that said testimony is unauthorized, and does not properly form any part of the record, or of the proofs herein.

The affidavit for the motion, made by Mr. MacClay December 7, 1880, is to the effect that on the eighteenth of March, 1880, the day his direct testimony purports to have been taken, he went to the office of Mr. Blake, the plaintiff's solicitor, and there Mr. Abbott read to him a paper, but presented to him no drawing, and asked him to sign the paper, and he signed it; and he was then taken by Mr. Conolly before Mr. Shields, the examiner, and was sworn by Mr. Shields to tell the truth and the whole truth, the paper not being present, but being retained by Mr. Abbott; and that he did not after that give any deposition or return to Mr. Blake's office.    He also says that when Mr. Abbott so read the said paper to him he did not read any questions to him, and he did not make any of the answers purporting to have been made by him.    His explanation is that what was so read to him was in narrative form, and he thought it was an

affidavit. The testimony referred to is in the form of questions and answers, and in reply to question 13 Mr. MacClay explains a drawing then produced and shown to him, and stated to be offered in evidence, and marked as an exhtbit. Mr. Mac-Clay also states that when he was cross-examined by the defendant's solicitor, on the thirty-first of March, 1880, he thought the cross-examination related to affidavits he had made in this case in 1879. It is stated in the heading of the direct examination that MacClay was first duly sworn. At the end of the direct examination is a jurat signed by Mr. Shields, the examiner, to the effect that it was sworn to before him March 18, 1880. The defendant's solicitor was not present at the direct examination, he having intentionally remained away, though notified, on the ground that he regarded the proceeding as irregular. As he was absent, it was not unnatural that Mr. MacClay, a layman, should not understand that he was being examined as a witness in chief for final hearing. It appears, by the files of this court, that he had sworn to an affidavit in this suit before Mr. Abbott, as a notary public, on the twenty-third of May, 1879, and to another affidavit in this suit before him on the twelfth of June, 1879.

Mr. MacClay's recollection on the seventh of December, 1880, as such recollection appears in his affidavit of that date, in narrative form, as to what occurred at Mr. Blake's office on the eighteenth of March, 1880, is very different from what appears from his cross-examination on the thirty-first of March, 1880, to be his then recollection of those occurrences, if such cross-examination is to be taken as referring to what occurred on the eighteenth of March, 1880, and not to what occurred on one or the other of the occasions when he made the affidavits in 1879 before Mr. Abbott. Mr. MacClay says that he did not understand he was being cross-examined as to his deposition of March 18, 1880, but thought he was being cross-examined as to his affidavits of 1879. It is plain that Mr. Whitelegge, who cross-examined him, thought he was cross-examining him as to what occurred on March 18, 1880, and probably the plaintiff's solicitor must have so thought. Mac-

Clay was then and there shown his signature at the end of the 18 direct questions, and he identified it; but a perusal of all the questions and answers on cross-examination leads to the conclusion that MacClay may very well have thought that he was being cross-examined in reference to the occasion when he swore to his affidavit of May 23, 1879, before Mr. Abbott. This is, however, of no importance to the merits of the motion. It is shown very clearly and fully, by the affidavits produced in opposition to the motion, that the direct examination of Mr. MacClay was regularly taken, in proper form, and in a proper manner, on the eighteenth of March, 1880, on prior notice to the defendant's solicitor, but without his presence, as before stated, and that the usual oath was administered to Mr. MacClay by Mr. Shields, the examiner, before the witness was examined. The jurat, bearing date March 18, 1880, at the close of the direct examination, signed by Mr. Shields, was not put there till after that day; but that is immaterial.

The drawing on tracing cloth, marked "Complainant's Exhibit; MacClay, J. A. S., examiner; marked by examiner, March 31, 1880, *Fischer* v. *Hayes*," is shown to be the identical drawing deposed to by MacClay, in his answer to direct question 13. It is precisely like the copy now produced, made by Hyde, March 25, 1880. Hyde and Mr. Whitelegge are shown to be mistaken in their idea that the drawing was made on yellow Manilla paper.

Mr. Whitelegge sets forth in his affidavit that the direct testimony of the witness Abbott was prepared for the occasion, and was not taken in the usual manner or at the time it purports to have been taken, and is fictitious; and that the testimony of Mr. Abbott purports to have been begun and terminated on the thirty-first of March, 1880, whereas his direct testimony was in part put in on the eighteenth and nineteenth of March. Any erroneous impression in this respect arises from the order of printing, and from the order in which the manuscript sheets of the testimony are put together. A reference to those sheets shows that the direct testimony of Mr. Abbott was begun on the eighteenth of

March and concluded on the nineteenth. It is shown that the direct examination of Mr. Abbott was regularly taken, on an oath previously administered to him by Mr. Shields, and that the allegations made by Mr. Whitelegge against his testimony are groundless.

The swearing of Mr. MacClay again on the eighth of April, 1880, after the close of his cross-examination, is fully explained.

The motion is denied both in this case, and, in so far as it may be considered as made, in the cases against Neil and against O'Shaughnessey.